UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BLEHCO 520, LLC, WILLIAM RANDOLPH STINSON, II, and RAM LINGA REDDY DORNALA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:24-CV-145-KAC-DCP |
| THE TIMBER RIDGE GROUP, INC., US BANK NATIONAL ASSOCIATION, and TRUSTEE J. PHILLIP JONES, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| THE TIMBER RIDGE GROUP, INC., | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| WILLIAM RANDOLPH STINSON II, | ) ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM AND ORDER

This is case is before the undersigned pursuant to 28 U.S.C. § 626, the Rules this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Strike First Amended Counterclaim [Doc. 61]. Defendant Timber Ridge Group, Inc., ("Timber Ridge") filed a response in opposition [Doc. 66], and Plaintiffs filed a reply [Doc. 67]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 61**]**.**

I.  **BACKGROUND**

On March 28, 2024, Plaintiffs filed the Complaint against Defendants [Doc. 1], and later, on August 9, 2024, they filed an Amended Complaint [Doc. 19]. On September 23, 2024, Defendant Timber Ridge filed an Answer and Counterclaim [Doc. 31]. Its Counterclaim was against Plaintiff William Randolph Stinson, II [*Id*. at 12–15].

On October 16, 2024, United States District Judge Katharine A. Crytzer entered the Scheduling Order that set the deadline to amend pleadings for July 1, 2025 [Doc. 38 p. 2]. On July 1, 2025, Plaintiffs filed a motion to amend the Amended Complaint [Doc. 48]. The parties briefed that motion, and on July 29, 2025, the Court granted it and directed Plaintiff to file the Second Amended Complaint [Doc. 58]. Plaintiffs filed their Second Amended Complaint on July 30, 2025 [Doc. 59].

On August 13, 2025, Defendant Timber Ridge filed the Answer to the Second Amended and Complaint and the First Amended Counterclaim [Doc. 60]. Plaintiffs now move to strike the First Amended Counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure [Doc. 61]. They claim that "[u]nder Rule 15, the only way [Defendant Timber Ridge] is permitted to file an amended counterclaim is with Plaintiffs' written consent or leave of the Court" [*Id*. at 2]. Plaintiffs contend that "[t]he First Amended Counterclaim adds two new counter-defendants—Plaintiffs BlehCo 520, LLC and Ram Linga Reddy Dornala—whereas the original Counterclaim included Plaintiff Stinson as the sole counter-defendant" [*Id*.]. In addition, Plaintiffs argue that "[t]he First Amended Counterclaim . . . adds a novel form and theory of damages—consequential damages in the form of lost profits from lost businesses opportunities on the part of [Defendant Timber Ridge]—that were not sought in the original Counterclaim" [*Id*. at 2–3]. Plaintiffs assert that "[Defendant Timber Ridge's] assertion of an entitlement to recover lost profits from alleged

2

lost businesses opportunities was not timely raised or asserted by [it] within this action" [*Id*. at 3]. They state that the deadline to file pleadings expired on July 1, 2025, and that they "are prejudiced by the improper First Amended Counterclaim due to the minimal discovery window remaining under the Court's Scheduling Order" [*Id*. at 3, 4]. They request that the Court strike the First Amended Counterclaim, or in the alternative, strike "the new allegations and the entirely novel form of consequential damages asserted in [p]aragraphs 2, 4, and 13 of the First Amended Counterclaim" [*Id*. at 4].

Defendant Timber Ridge responds that "because the [P]laintiffs filed an amended complaint, [it] is permitted as a matter or right to file an amended counterclaim [that] asserts new claims, without obtaining leave pursuant to [Rule] 15(a)(2)" [Doc. 66 p. 3]. It acknowledges that there is "no Sixth Circuit opinion [that] is on point" but states that the district courts have taken several approaches, which would allow the filing of the First Amended Counterclaim" [*Id*. at 3–7]. Defendant Timber Ridge admits that it "is adding 'a novel form and theory of damages'" but states that "by filing their Second Amended Complaint . . . the [P]laintiffs 'opened the door'" [*Id*. at 7–8]. While Plaintiffs argue that they will be prejudiced, Defendant Timber Ridge states that they waited to file their Second Amended Complaint [*Id*. at 8]. Further, it contends that "the Court can address the [P]laintiffs' concerns regarding discovery deadlines and the trial date" [*Id*.].

Plaintiffs reply, noting that they "are unable to identify any Sixth Circuit opinion discussing whether a party may assert new counterclaims as a matter of right when answering an amended complaint" [Doc. 67 p. 1]. They explain that there are different approaches that the Court could take but that "[t]he approach that Defendant [Timber Ridge] urges the Court to adopt is the one that always allows a party to file counterclaims in response to an amended complaint without seeking leave of court and regardless of the changes made in the amended complaint" [*Id*. at 2

3

(citation omitted)]. They ask the Court to adopt the modern approach, which "allows a party to 'assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case regardless of whether the counterclaim relates to the changes made to the amended complaint'" [*Id*. at 3 (emphasis and citation omitted)]. "[Because] the Second Amended Complaint does not expand the scope or theory of this case," Plaintiffs assert that their motion to strike should be granted [*Id*. at 4].

## II.     ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings before trial:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts view motions to strike with disfavor and do not frequently grant them. *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Striking a pleading is a "drastic remedy" that is "to be resorted to only when required for the purposes of justice" and "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted)).

The parties acknowledge that the United States Court of Appeals for the Sixth Circuit has not addressed whether a party may file a counterclaim without leave of Court following an amended complaint. *See Heritage Guitar, Inc. v. Gibson Brands, Inc.*, No. 1:20-CV-229, 2022 WL 17828960, at *2 (W.D. Mich. Dec. 21, 2022) ("The Sixth Circuit has not ruled on this question."). But they cite to various decisions addressing this issue. As one court explained:

> One would think this simple question would have an established answer in the Federal Rules or caselaw. But the Federal Rules of Civil Procedure do not speak to this question. Caselaw on the subject is wildly divergent; different federal courts have adopted at least six competing approaches. One approach is to always allow a party to file counterclaims without seeking leave of court in response to an amended complaint. *Walgreen Co. v. Hummer*, No. 1:10-CV-2902, 2012 WL 13033091, at *2 (N.D. Ohio May 3, 2012). A second approach is to never allow a party to file counterclaims without seeking leave of court in response to an amended complaint. *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 180 (D. Mass. 2014). A third approach is that "a party is only entitled to respond as of right to an amended complaint if its answer is strictly confined to the new issues raised by the amended complaint." *S. New England Tel. Co. v. Glob. NAPS, Inc.*, No. CIVA 3:04-CV-2075, 2007 WL 521162, at *2 (D. Conn. Feb. 14, 2007). A fourth approach is that a party may assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, regardless of whether the counterclaim relates to the changes made to the amended complaint. *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd on other grounds*, 205 F.3d 1347 (8th Cir. 2000); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). A fifth approach is that a party may assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, so long as the new counterclaims "reflect the breadth of changes in the amended complaint." *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D. Va. 2005). The sixth approach, created just last year by the Second Circuit, calls for a sliding-scale rule depending on how far along the litigation has progressed. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 (2d Cir. 2019).

*Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104, 2020 WL 7332846, at *3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, No. 218CV02104, 2020

WL 6694299 (W.D. Tenn. Nov. 13, 2020). The court further noted "that the majority rule is the 'moderate' approach" but that "courts and commentators do not agree on what constitutes the moderate approach." *Id*. Versions of the moderate approach include (1) "a party may assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, regardless of whether the counterclaim relates to the changes made to the amended complaint[,]" and (2) "the scope of permissible new counterclaims must 'reflect the breadth of changes in the amended complaint.'" *Id*. (citations omitted)).

Defendant Timber Ridge urges the Court to adopt the first approach—that is, to always allow a counterclaim in response to an amended complaint [Doc. 66 p. 7]. The Court declines to do so under these particular circumstances. This is because striking pleadings should be resorted to "when required for the purposes of justice[.]" *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d at 822. And here, Defendant Timber Ridge filed its First Amended Counterclaim on August 13, 2025, adding "a novel form and theory of damages" [Doc. 66 p. 7], after Plaintiffs' expert disclosure deadline had expired [*see* Doc. 61 p. 4] and within thirty days of the discovery deadline [*see* Doc. 44] without any briefing on whether the filing of the First Amended Counterclaim was appropriate

Defendant states that "the Court can address the [P]laintiffs' concerns regarding the discovery deadlines and the trial date" [Doc. 66 p. 8]. Generally, prejudice can be alleviated by "extending the discovery period to allow both parties to challenge the counterclaims on their merits[.]" *Heritage Guitar, Inc.*, 2022 WL 17828960, at *4. Indeed, Plaintiffs have filed a motion requesting an extension of all the unexpired deadlines if the Court denies their Motion to Strike [Doc. 68]. But notably, Defendant Timber Ridge has sought to "reopen any scheduling deadlines that have already expired" [Doc. 69 p. 1]. In other words, Defendant Timber Ridge seeks to start

6

over. Further, and according to Plaintiffs, "Defendant[] [Timber Ridge's] First Amended Counterclaim was the first notice that [they] received of [its] claim for consequential damages in the form of lost profit from lost business opportunities on the part of Defendant [Timber Ridge]" [Doc. 67 p. 5].

Although the Court declines to adopt the first approach in this instance, it need not address what approach is applicable under the facts of this case. This is because under the remaining approaches, Defendant Timber Ridge's First Amended Counterclaim would not be permitted. Defendant Timber Ridge argues otherwise, stating that under the *Raymond James & Assocs., Inc.* approach, it would be allowed to file its First Amended Counterclaim [Doc. 66 p. 6]. It acknowledges that the "[Plaintiffs'] Second Amended Complaint did not change their theories" [*Id.*]. But it states that the Second Amended Complaint "expanded the scope of the case by making additional allegations regarding the [P]laintiffs' claims[,] . . . and it expanded the relief and remedies sought by increasing the [P]laintiffs' demand by more than $400,000" [*Id.*]. In moving to amend, however, Plaintiffs stated, "The Second Amended Complaint corrects two typographical errors, adds additional allegations of fact supporting the pre-existing causes of action, and amends Plaintiffs' damages demand to account for the revised damages figures consistent with expert disclosures. No additional/new causes of action are asserted, and no additional parties are added" [Doc. 48 p. 2]. And indeed, Plaintiffs filed the Second Amended Complaint reflecting the changes they made [Doc. 48-1]. The majority of the changes are on page seven [*id.* at 7], and Plaintiffs increased their damages request on page nine [*id.* at 9]. As Defendant Timber Ridge acknowledges, these changes "show[] that the amendments were to add allegations concerning the alleged additional costs relative to the swimming pool, the alleged costs of repair, the alleged additional costs necessary to obtain a certificate of occupancy, the alleged costs of completion, and the

7

alleged loss of revenue" [Doc. 66 p. 2]. Moreover, as Plaintiffs state, "Since the filing of [their] First Amended Complaint on August 9, 2024, Defendant has been aware of Plaintiffs' claims for damages in relation to the swimming pool, the costs of repair and completion, including the need for a certificate of occupancy, and the loss of revenue in the form of lost rental income" [Doc. 67 p. 6 (citing Doc. 19 ¶¶ 44–49)].

Despite Defendant Timber Ridge's arguments, the Court cannot find that these allegations change the scope of this lawsuit. As further noted by Plaintiffs, "Additional allegations that clarify and revise damages figures after discovery has proceeded do not expand the scope or theory of the case beyond what was stated in Plaintiffs' original complaint" [Doc. 67 pp. 4–5]. *See Menapace v. Alaska Nat'l Ins. Co.*, No. 20-CV-00053, 2021 WL 2012324, at *7 (D. Colo. May 20, 2021) (finding that plaintiff's amended pleading did not change the scope of the case, noting that it "added factual allegations that provided more specificity to the bases for [p]laintiff's claims, including the claim for bad faith, and conformed to the evidence discovered by [p]laintiff since the original Complaint was filed"); *cf. Heritage Guitar, Inc.*, 2022 WL 17828960, at *3 ("[The plaintiff's] second amended complaint changed the scope of the case by adding federal and state antitrust claims of monopolization and attempted monopolization."); *Raymond James & Assocs., Inc.*, 2020 WL 7332846, at *4 (finding that the amended complaint changed the theory or scope in the case when it made "additional allegations regarding [d]efendant's knowledge of the problems facing the subject elevator system[,]" it "include[d] additional breaches of the [l]ease by [d]efendant beyond the ones previously alleged[,]" and it "expand[ed] the remedies and relief sought").

Based on the above, the Court finds Plaintiffs' motion well taken.

8

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion to Strike First Amended Counterclaim [**Doc. 61**] and **STRIKES** the new allegations and the consequential damages asserted in paragraphs 2, 4, and 13 of the First Amended Counterclaim.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge