| | | |
|---|---|---|
| BLEHCO 520, LLC; WILLIAM RANDOLPH STINSON II; and RAM LINGA REDDY DORNALA; | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TIMBER RIDGE GROUP, INC.; US BANK NATIONAL ASSOCIATION; and TRUSTEE J. PHILLIP JONES; | ) ) ) | 3:24-CV-145-KAC-DCP |
| | ) | |
| Defendants. | ) | |
| | ) | |
| THE TIMBER RIDGE GROUP, INC.; | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM RANDOLPH STINSON II, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the "Objections to Magistrate Judge's Memorandum and Order" [Doc. 72] filed by Defendant/Counter-Plaintiff The Timber Ridge Group, Inc. ("TRG"). The law regarding when a counter-plaintiff, like TRG, may file a new counterclaim as a matter of right is unclear. But because TRG loses under either of the two approaches it embraces in its objections, the Court overrules TRG's objections.

## I.      Background

This case arises from a construction project gone wrong. Plaintiffs Blehco 520, LLC; William Randolph Stinson II; and Ram Linga Reddy Dornala entered into a contract with TRG to improve a property in Sevier County, Tennessee [*See* Doc. 59 ¶¶ 9, 11].

In the First Amended Complaint, Plaintiffs alleged that TRG "failed to diligently pursue the construction" [Doc. 19 ¶ 24]. Plaintiffs also alleged that the work of TRG or its subcontractors "fell below the applicable standards of workmanship for the area or deviated from the applicable building codes," including "certain aspects of the construction performed in relation to the pool" [*Id.* ¶ 46]. Plaintiffs sought damages of $600,000 "or such greater amount shown at trial," including damages for lost rental income [*Id.* at ¶ 49, 8].

On September 24, 2024, TRG answered and asserted counterclaims against Stinson [*See* Doc. 31 at 13-14]. TRG alleged that Stinson breached the construction contract by not paying or, alternatively, that Stinson was unjustly enriched by TRG's unpaid work [*Id.* at 13]. TRG sought damages for the "reasonable value of the materials, services, and labor supplied by Timber Ridge for improvements to the Property that remain[ed] unpaid" [*Id.* at 13-14].

Under the Court's Scheduling Order, the deadline to move to amend any pleading was July 1, 2025 [*See* Doc. 38 at 2].

On July 1, 2025, Plaintiffs filed a motion for leave to file a second amended complaint, [*see* Doc. 48], which the Court granted, [*see* Doc. 58]. The Second Amended Complaint made three (3) potentially-relevant changes [*See* Doc. 48 ¶ 5]. **First**, it added additional details to the previous allegation that TRG built a faulty pool [*Compare* Doc. 59 ¶¶ 48-51, *with* Doc. 19 ¶ 48]. **Second**, it specified the precise amount Plaintiffs now seek in lost rental income [*Compare* Doc. 59 ¶ 52, *with* Doc. 19 ¶ 49]. **Third**, Plaintiffs' damages demand changed from $600,000 "or such greater amount shown at trial" to $1,001,938.77 "or such greater amount shown at trial [*Compare* Doc. 59 at 9, *with* Doc. 19 at 8].

TRG answered the Second Amended Complaint and included a "First Amended Counterclaim" [Doc. 60 at 12-14]. That First Amended Counterclaim raised breach of contract

and unjust enrichment claims against all three Plaintiffs, not just Stinson [*Compare id.* at 12-13, *with* Doc. 31 at 13-14]. The First Amended Counterclaim also sought a new species of damages—lost "cumulative profits" from "business opportunities" that TRG "was not able to pursue" because of Plaintiffs' "breach" [*Compare* Doc. 60 at 14 *with* Doc. 31].

Plaintiffs filed a motion to strike TRG's First Amended Counterclaim or, alternatively, the portions asserting new claims and damages [*See* Doc. 61 at 4]. United States Magistrate Judge Debra C. Poplin issued a Memorandum and Order (the "Order") granting the motion and striking the portions of the First Amended Counterclaim that added new claims and damages [*See* Doc. 70 at 9]. TRG filed timely objections [*See* Doc. 72 at 9].

## II.     Analysis

The Court must "modify or set aside any part of" the Order "that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The Court reviews factual findings for clear error and conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* (cleaned up). A legal conclusion is contrary to law if the Court "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

In its objections, TRG argues that it was entitled to file a new counterclaim as a matter of right when Plaintiffs filed their Second Amended Complaint [Doc. 72 at 3]. The law on when a counter-plaintiff, like TRG, may file a new counterclaim as a matter of right is unclear. At least four (4) different approaches are on offer. *See GEOMC Co., Ltd. v. Clamare Therapeutics, Inc.*, 918 F.3d 92, 100 n. 12 (2d Cir. 2019) (outlining four (4) approaches); *Raymond James & Assocs., Inc. v. 50 N. Front St. Tenn., LLC*, No. 18-CV-2104-JTF-tmp, 2020 WL 7332846, at *4 (W.D

3

Tenn. June 23, 2020), *report and recommendation adopted*, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020) (outlining six (6) approaches). And the United States Court of Appeals for the Sixth Circuit has not adopted an approach.

Fortunately, the Court need not wade too deep because TRG only objects to the Order's failure to apply one of two approaches (the only two on which TRG could conceivably win). Neither objection, nor approach, carries the day.

***First***, TRG asserts that "because the plaintiffs filed an amended complaint, TRG is permitted as a matter of right to file an amended counterclaim which adds new parties and asserts new claims, without obtaining leave pursuant to FRCP 15(a)(2)" [Doc. 72 at 3]. This approach, adopted in *Walgreen Co. v. Hammer*, No. 1:10-CV-2902, 2012 WL 13033091 (N.D. Ohio May 3, 2012), is inconsistent with the text of the Federal Rules of Civil Procedure.[1] The Federal Rules generally control this action. *See* Fed. R. Civ. P. 1. Under the Federal Rules, a "counterclaim" is not a "pleading" itself, *see id.* at R. 7(a), but a "counterclaim" must be included in a "pleading," *see id.* at R. 13(a)(1). An "answer to a complaint" is a "pleading." *Id.* at R. 7(a)(2). And Rule 15 governs amendment of a "pleading." *Id.* at R. 15(a); *see also* 6 C. Wright, A. Miller, M. Kane, & H. Erichson, Federal Practice and Procedure § 1430 (3d ed. 2025) ("it is clear that Rule 15 now governs the question whether an omitted counterclaim can be inserted into an ongoing action").

---

[1] *Walgreen* is also undermined by the authority upon which it relies. *Walgreen* cites *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999), and *Sidari v. Orleans County*, 174 F.R.D. 275 (W.D.N.Y. 1996) to support its rule. *See* 2012 WL 13033091, at *2. Both of those cases were decided before 2009, when Rule 13 was significantly altered as it relates to amendment or addition of counterclaims. *See* 6 C. Wright, A. Miller, M. Kane, & H. Erichson, Federal Practice and Procedure§ 1430 (3d ed. 2025). And the Seventh Circuit has since confirmed that *Massey* "meant that the *particular amended complaint at issue* opened the door for new affirmative defenses because of how significantly it changed the scope of the litigation," applying Rule 15(a). *See Burton v. Ghosh*, 961 F.3d 960, 967 (7th Cir. 2020). The Second Circuit too has since taken a new approach. *See GEOMC*, 913 F.3d at 100.

4

Applied to the facts and timing here, Rule 15(a)(2) would only permit amendment of TRG's "pleading"—the answer to the Second Amended Complaint—"with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). TRG had neither. And TRG's position that it needed neither does not square with the Federal Rules.

***Second***, TRG argues that the Second Amended Complaint "expanded the scope of the case" "by making additional allegations regarding the plaintiffs' claims" and "increasing the plaintiffs' demand by more than $400,000," [*see* Doc. 72 at 6], "thereby permitting TRG to file its First Amended Counterclaim" as a matter of right under the approach from *Raymond James & Associates*,[2] [Doc. 72 at 9]. Not so. Even if the law applied, the facts are lacking.

Under the approach in *Raymond James & Associates*, a counter-plaintiff may assert a new counterclaim as a matter of right if an amended complaint changes "the theory or scope of the case, regardless of whether the counterclaim relates to the changes made to the amended complaint." *See* 2020 WL 7332846, at *3 (citing *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997)). TRG concedes that the modifications in the Second Amended Complaint "did not change or add to their [Plaintiffs'] theories" of the case [Doc. 72 at 6]. The Court agrees. So, TRG is left to argue that the scope of the case changed. But the facts do not support that argument. The allegations added in the Second Amendment Complaint regarding the defective pool support allegations and claims previously raised [*See* Doc. 58 at 2]. The theories and categories of damages are not new either [*Compare* Doc. 59 at 7-9, *with* Doc. 19 at 7-8]. And even the adjusted $1,001,938.77 damages request was fairly contemplated by the earlier First Amended Complaint, which sought $600,000 "or such greater amount shown at trial" [*Compare* Doc. 59 at 9,

---

[2] 2020 WL 7332846, at *4.

*with* Doc. 19 at 8].  Accordingly, the Order properly concluded that TRG loses under the *Raymond James & Associates* approach too.[3]

III.     <u>**Conclusion**</u>

Accordingly, the Court **OVERRULES** Defendant/Counter-Plaintiff The Timber Ridge Group, Inc.'s "Objections to the Magistrate Judge's Memorandum and Order" [Doc. 72].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[3] Under the *Raymond James & Associates* approach, this is true regardless of whether TRG's own theory of damages in the First Amended Counterclaim "is a novel form and theory of damages" [*See* Doc. 72 at 9].  *See Raymond James & Assocs.*, 2020 WL 7332846, at \*3.  So, the Court overrules TRG's objection on that point.

6